UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

---

ITPE PENSION TRUST, and JERRY BOWDEN,
JOHN CONLEY, JAY LIPSCOMB, JOHN
BRENTON, HAROLD E. GELBER, RENE
LIOEANJIE, FRED SMITH, MARY WILLIAMS,
WILLIAM SPENSER, THEATLA JONES,
RICHARD B. ROWE, ELWOOD HAMPTON,
ARTHUR McZIER, and SIDNEY KALBAN
as Trustees of the ITPE Pension Trust
c/o ERISA SYSTEMS, INC.
6851 Jericho Turnpike, Suite 255
Syosset, NY   11791

Civil Action No.

and

ITPE HEALTH AND WELFARE TRUST and HAROLD
E. GELBER, JOHN F. CONLEY, JOHNNY VOUDOURIS,
RENE LIOEANJIE, JERRY M. BOWDEN, J.P.
HOLLOMAN, MERL DICKERSON, FRED SMITH,
ANTHONY SHEPHERD, JOHN BRENTON,
THEATLA JONES, MARY WILLIAMS, DENNIS
ARRINGTON and ELWOOD HAMPTON as Trustees
of the ITPE Health and Welfare Trust
24 Oglethorpe Professional Blvd.
Savannah, GA   31406

and

ITPE ANNUAL BENEFITS TRUST and JAY LIPSCOMB,
JOHN F. CONLEY. ARTHUR McZIER, JOHN BRENTON,
RICKIE DAY, MAUREEN ALSHEIMER, FREDERICK
SMITH, MARY WILLIAMS, HAROLD L. SHERLEY,
RUTHIE JONES, ELWOOD HAMPTON AND SIDNEY
KALBAN as Trustees of the ITPE Annual Benefits Trust
c/o ERISA SYSTEMS, INC.
6851 Jericho Turnpike, Suite 255
Syossett, NY 11791

Plaintiffs,

v.

**KNIGHT PROTECTIVE SERVICE, INC.**
**8507 Edgeworth Drive**
**Capitol Heights, MD 20743**
                              **Defendant.**

---

## COMPLAINT FOR CONTRIBUTIONS, INTEREST AND
## LIQUIDATED DAMAGES OWED TO EMPLOYEE BENEFIT PLANS

ITPE Pension Trust, ITPE Health and Welfare Trust, ITPE Annual Benefits Trust, Harold E. Gelber, John F. Conley, Johnny Voudouris, Rene Lioeanjie, Jerry M. Bowden, J.P. Holloman, Merl Dickerson, Fred Smith, Anthony Shepherd, John Brenton, Theatla Jones, Mary Williams, Dennis Arrington, Elwood Hampton, Jay Lipscomb, William Spenser, Richard B. Rowe, Arthur McZier, Rickie Day, Maureen Alsheimer, Mary Williams, Harold L. Sherley, Ruthie Jones, and Sidney Kalban, by and through their undersigned counsel, complain and allege as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1.  This is a civil action brought by three employee benefit plans and their Boards of Trustees ("Plaintiffs") pursuant to Sections 502(a)(3), (d)(1), (g) and 515 of the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §§1132(a)(3), (d)(1), (g), and 1145, to collect delinquent contributions, interest and liquidated damages owed to the employee benefit plans by a contributing employer pursuant to a collective bargaining agreement and the applicable trust agreements.

2.  The Court has jurisdiction over this action under ERISA Sections 502(e)(1), (f), (g) and 515, 29 U.S.C. §§1132(e)(1), (f), (g), and 1145, Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185, 28 U.S.C. §1331, and 28 U.S.C. §1337.

2

3. Venue of this action properly lies in the United States District Court for the District of Columbia pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2).

## IDENTIFICATION OF THE PARTIES

4. ITPE Health and Welfare Trust ("Health Trust") is a multiemployer employee welfare benefit plan within the meaning of ERISA Section 3(1), (3), and (37)(A), 29 U.S.C. §1002(1), (3), and (37)(A). It is organized under LMRA Section 302(c)(5), 29 U.S.C. §186(c)(5). Pursuant to that statute, the Health Trust is governed by a Board of Trustees ("Board of Trustees"), half of whom are appointed by the Union representing employees covered by the Health Trust and the other half of whom are appointed by participating employers.

5. The Health Trust provides health and other welfare benefits to eligible employees of contributing employers in accordance with a plan of benefits as set forth in the Health Trust's Plan Document. The Plan Document, together with the Health Trust's Agreement and Declaration of Trust, as amended from time to time by the Board of Trustees ("Health Trust Agreement"), are the governing documents of the Health Trust.

6. ITPE Pension Trust ("Pension Trust") is a multiemployer employee pension benefit plan within the meaning of ERISA Section 3(2), (3), and (37)(A), 29 U.S.C. §1002(2), (3), and (37)(A). It is organized under LMRA Section 302(c)(5), 29 U.S.C. §186(c)(5). Pursuant to that statute, the Pension Trust is governed by a Board of Trustees ("Board of Trustees"), half of whom are appointed by the Union representing employees covered by the Pension Trust and the other half of whom are appointed by participating employers.

7. The Pension Trust provides retirement benefits to employees of contributing employers in accordance with a plan of benefits as set forth in the Pension Trust's Plan Document.

The Plan Document, together with the Pension Trust's Agreement and Declaration of Trust, as amended from time to time by the Board of Trustees ("Pension Trust Agreement"), are the governing documents of the Pension Trust.

8. The ITPE Annual Benefits Trust ("Annual Benefits Trust") is a multiemployer employee pension benefit plan within the meaning of ERISA Section 3(2), (3), and (37)(A), 29 U.S.C. §1002(2), (3), and (37)(A). It is organized under LMRA Section 302(c)(5), 29 U.S.C. §186(c)(5). Pursuant to that statute, the Annual Benefits Trust is governed by a Board of Trustees ("Board of Trustees"), half of whom are appointed by the Union representing employees covered by the Annual Benefits Trust and the other half of whom are appointed by participating employers.

9. The Annual Benefit Trust provides annual benefits consisting but not limited to vacation pay, holiday pay, jury leave pay and bereavement pay as set forth in the Annual Benefits Trust's Plan Document. The Plan Document, together with the Annual Benefits Trust's Agreement and Declaration of Trust, as amended from time to time by the Board of Trustees ("Annual Benefits Trust Agreement") are the governing documents of the Annual Benefits Trust.

10. Plaintiffs Harold E. Gelber, John F. Conley, Johnny Voudouris, Rene Lioeanjie, Jerry M. Bowden, J.P. Holloman, Merl Dickerson, Fred Smith, Anthony Shepherd, John Brenton, Theatla Jones, Mary Williams, Dennis Arrington and Elwood Hampton are the current Trustees of the Health Trust. Plaintiffs Jerry Bowden, John Conley, Jay Lipscomb, John Brenton, Harold E. Gelber, Rene Lioeanjie, Fred Smith, Mary Williams, William Spenser, Theatla Jones, Richard B. Rowe, Elwood Hampton, Arthur McZier, and Sidney Kalban are the current Trustees of the Pension Trust. Plaintiffs Jay Lipscomb, John Conley. Arthur Mczier, John Brenton, Rickie Day, Maureen Alsheimer, Frederick

Smith, Mary Williams, Harold L. Sherley, Ruthie Jones, Elwood Hampton and Sidney Kalban are the current Trustees of the Annual Benefits Trust. As Trustees, they are all fiduciaries as defined in ERISA Section 3(21), 29 U.S.C. §1002(21).

11      Defendant Knight Protective Service, Inc. ("Knight"), is a Maryland corporation which at all times material to this action has Delaware corporation which at all times material to this action has maintained its principal place of business in Capitol Heights, Maryland, currently at 8507 Edgeworth Drive, Capitol Heights, MD 20743. At all times materials to this action, Knight has employed workers who were and are represented by the Industrial, Technical and Professional Employees Union ("ITPE") and who are participants in the Health Trust, Pension Trust, and Annual Benefits Trust (collectively, "Trusts"). At all times material to this Complaint, Knight has been an "employer" in an "industry affecting commerce," as defined by ERISA Section 3(5) and (12), 29 U.S.C. §1002(5), (12). At all times material to this Complaint, Knight has been an "employer" within the meaning of the Health Trust Agreement, the Pension Trust Agreement, and the Annual Benefits Trust Agreement, and has been bound by the terms and conditions therein.

12.     At all times relevant to this action, Knight and ITPE have been party to a number of collective bargaining agreements, as that term is used throughout ERISA, establishing terms and conditions of employment for individuals employed by Knight and represented by ITPE, including Knight employees at the Mercury Building and several other buildings in Washington, District of Columbia; at the Pentagon and Pentagon Receiving Facility in Arlington, Virginia; at the Joint Field Support Center in Hanover, Maryland; at the Federal Emergency Management Agency ("FEMA") in Hyattsville, Maryland; and at the Federal Buildings operated by the General Services Administration ("GSA") in San Antonio, Texas. The parties have continued to maintain a collective

bargaining relationship and to be parties to collective bargaining agreements through to the present and continuing.

## KNIGHT'S OBLIGATION TO CONTRIBUTE TO THE FUNDS

13. Pursuant to the collective bargaining agreement for its employees represented by ITPE and working for Knight in the Federal Buildings operated by GSA in San Antonio, Texas, effective September 20, 2005, Knight is required to make contributions to the Health Trust at the rate of $2.36 per hour on behalf of each employee covered by the collective bargaining agreement. Pursuant to that collective bargaining agreement, effective April 1, 2006, Knight is required to make contributions to the Health Trust at the rate of $2.87 per hour on behalf of each employee covered by the collective bargaining agreement. These contributions are required to be accompanied by reports listing each bargaining unit employee for whom contributions are owed, along with the hours worked by each such employee for each monthly reporting period.

14. Pursuant to the collective bargaining agreement for its employees represented by ITPE and working for Knight in the Federal Buildings operated by GSA in San Antonio, Texas, effective September 20, 2005, Knight is required to make contributions to the Pension Trust at the rate of $0.72 per hour on behalf of each employee covered by the collective bargaining agreement. Pursuant to that collective bargaining agreement, effective April 1, 2006, Knight is required to make contributions to the Pension Trust at the rate of $0.77 per hour on behalf of each employee covered by the collective bargaining agreement. These contributions are required to be accompanied by reports listing each bargaining unit employee for whom contributions are owed, along with the hours worked by each such employee for each monthly reporting period.

15. Pursuant to the collective bargaining agreement for its employees represented by ITPE and working for Knight in the Federal Buildings operated by GSA in San Antonio, Texas, effective September 20, 2005, Knight is required to make contributions to the Annual Benefits Trust at the rate of $2.88 per hour on behalf of each employee covered by the collective bargaining agreement. Pursuant to that collective bargaining agreement, effective April 1, 2006, Knight is required to make contributions to the Health Trust at the rate of $3.19 per hour on behalf of each employee covered by the collective bargaining agreement. These contributions are required to be accompanied by reports listing each bargaining unit employee for whom contributions are owed, along with the hours worked by each such employee for each monthly reporting period.

16. Pursuant to the collective bargaining agreement for its employees represented by ITPE and working for Knight at the Joint Field Support Center in Hanover, Maryland, effective September 29, 2003, Knight is required to make contributions to the Pension Trust at the rate of $2.98 per hour on behalf of each employee covered by the collective bargaining agreement. These contributions are required to be accompanied by reports listing each bargaining unit employee for whom contributions are owed, along with the hours worked by each such employee for each monthly reporting period.

17. Pursuant to the collective bargaining agreement for its employees represented by ITPE and working for Knight in the Federal Emergency Management Agency in Hyattsville, Maryland, effective March 1, 2004, Knight is required to make contributions to the Pension Trust at the rate of $3.12 per hour on behalf of each employee covered by the collective bargaining agreement. These contributions are required to be accompanied by reports listing each bargaining

unit employee for whom contributions are owed, along with the hours worked by each such employee for each monthly reporting period.

18.     Pursuant to the collective bargaining agreement for its employees represented by ITPE and working for Knight in the Mercury Building and certain specified buildings located in Washington, District of Columbia and in Arlington, Virginia, effective March 1, 2004, Knight is required to make contributions to the Pension Trust at the rate of $3.12 per hour on behalf of each employee covered by the collective bargaining agreement. These contributions are required to be accompanied by reports listing each bargaining unit employee for whom contributions are owed, along with the hours worked by each such employee for each monthly reporting period.

19.     Pursuant to the collective bargaining agreement for its employees represented by ITPE and working for Knight at the Pentagon and the Pentagon Receiving Facility located in Arlington, Virginia, effective March 1, 2004, Knight is required to make contributions to the Pension Trust at the rate of $3.70 per hour on behalf of each employee covered by the collective bargaining agreement. Pursuant to that collective bargaining agreement, effective January 1, 2005, Knight is required to make contributions to the Pension Trust at the rate of $4.00 per hour on behalf of each employee covered by the collective bargaining agreement. These contributions are required to be accompanied by reports listing each bargaining unit employee for whom contributions are owed, along with the hours worked by each such employee for each monthly reporting period.

20.     Under the terms of the Funds' Trust Agreements, the Funds' Boards of Trustees are expressly required to demand, collect, receive and hold contributions owed to the Funds by contributing employers and to take such steps as may be deemed necessary or desirable to collect such contributions that are due the Funds.

21. In accordance with the Funds' Trust Agreements, contributing employers are required to pay the requisite contributions to the Funds on or before the 25th day the month worked by each employee.

22. The Funds' Trust Agreements further provide that in the event a contributing employer fails to make its required contributions, after ten days of such delinquency, liquidated damages will be imposed for each delinquency in the amount of 20% of the delinquency. The delinquent employer is also obligated to pay interest on the delinquent contributions at the prime rate. In the event the Funds are forced to commence legal proceedings to collect delinquent amounts owed to them, Trust Agreements provide for an audit of the delinquent employer's books and records and provide for an award of unpaid contributions, liquidated damages, interest, costs and attorney fees, and other damages the Court deems proper.

### KNIGHT'S FAILURE TO PAY CONTRIBUTIONS TO THE FUNDS

23. Knight did not make timely payments to the Health Trust for the work periods of April and May 2006, a sum estimated at $37,833.00. The Health Trust believes that Knight will not pay contributions for the work period June 2006 and continuing, although the Company is not yet in default for that period. The estimated delinquency does not include interest or liquidated damages.

24. Knight failed to make the required monthly contributions to the Health Trust during the period beginning April 1, 2006 and continuing.

25. Knight did not make timely payments to the Pension Fund for the work periods of April and May 2006, a sum estimated at $210,975.00. The Pension Fund believes that Knight will not pay contributions for the work period June 2006 and continuing, although the Company is not

yet in default for that period. The estimated delinquency does not include interest or liquidated damages.

26. Knight failed to make the required monthly contributions to the Pension Fund during the period beginning April 1, 2006 and continuing to the present.

27. Knight did not make the required monthly payment to the Pension Trust at the appropriate contractually agreed upon rate of $4.00 per hour on behalf of each employee covered by the collective bargaining agreement, as required by the collective bargaining agreement for its employees represented by ITPE and working for Knight at the Pentagon and the Pentagon Receiving Facility located in Arlington, Virginia, commencing with the month of December 2005, and Knight remitted contributions on behalf of such employees at the rate of $3.70 per hour on behalf of each employee covered by this collective bargaining agreement for each month Knight has made a monthly payment to the Pension Trust thereafter. As a consequence of Knight's failure to make its monthly contribution at the appropriate contractually agreed upon rate of $4.00 per hour per hour on behalf of each employee covered by the collective bargaining agreement, the Pension Trust estimates Knight is delinquent in its obligations to the Pension Trust an additional sum of $13,267.00

28. Knight did not make timely payments to the Annual Benefits Trust for the work periods of April and May 2006, a sum estimated at $47,000.00. The Annual Benefits Trust believes that Knight will not pay contributions for the work period June 2006 and continuing, although the Company is not yet in default for that period. The estimated delinquency does not include interest or liquidated damages.

29. Knight failed to make the required monthly contributions to the Annual Benefits Trust during the period beginning April 1, 2006 and continuing.

30. Despite repeated requests from the Trusts, Knight has failed and refused to submit the contribution reports, and delinquent amounts owed to them.

## INJURY TO THE TRUSTS

23. Knight's contributions and contribution reports remain delinquent and there is little prospect that, lacking judicial compulsion, it will satisfy its obligations to the Trusts.

24. Knight's actions have caused and continue to cause great harm to the Trusts in a variety of ways, including, but not limited to, the following: they have created uncertainty concerning covered employees' pension credits; they have prevented the crediting of service to covered employees, causing the loss of their employees' health coverage; they have caused the Trusts to incur collection and other expenses associated with pursuing repeated delinquencies; they have caused a loss of the time value of the delinquent contributions to the Trusts; and they have resulted in a discrediting of the Trusts' ability to enforce obligations owed to them, which may result in other employers utilizing the same tactics. If left unremedied, these injuries will be irreparable.

25. Knight's actions are in violation of the collective bargaining agreement the Funds' Trust Agreements, and ERISA Section 515, 29 U.S.C. §1145.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Order Knight to submit to a full payroll audit of its books and records by Plaintiffs' authorized representatives, at Knight's expense;

2. Award as damages all due and unpaid contributions, with interest at the rate specified in the appropriate Trust Agreements;

3. Award liquidated damages on all delinquent amounts, as set forth in the Trust Agreements and ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2);

4. Order Knight to submit all contribution reports due and owing to the Funds;

5. Enter an injunction compelling Knight to abide by the terms of the Trust Agreements;

6. Order Knight to reimburse Plaintiffs for all costs incurred in bringing this action, including reasonable attorneys' fees; and

7. Award such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ H. David Kelly
H. David Kelly, Jr. (DC Bar # 471054)
Beins, Axelrod, Gleason & Gibson, P.C.
1625 Massachusetts Avenue, N.W. Suite 500
Washington, D.C. 20036-2001
202-328-7222
202-328-7030 (telecopier)
Dkelly@beinsaxlerod.com

Counsel for the Plaintiffs

Dated: July 5, 2006