## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| **ITPE PENSION TRUST** *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **v.** | ) | **Case No. 06 cv 01220** |
| | ) | |
| **KNIGHT PROTECTIVE SERVICE, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

---

### ANSWER

Defendant Knight Protective Service, Inc. ("Knight"), by and through undersigned counsel and pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, respectfully submits its Answer to the Complaint filed by Plaintiffs ITPE Pension Trust, ITPE Health and Welfare Trust, ITPE Annual Benefits Trust, Harold E. Gelber, John F. Conley, Johnny Voudouris, Rene Lioeanjie, Jerry M. Bowden, J.P. Hollowman, Merl Dickerson, Fred Smith, Anthony Shephed, John Brenton, Theatla Jones, Mary Williams, Dennis Arrington, Elwood Hampton, Jay Lipscomb, William Spenser, Richard B. Rowe, Arthur McZier, Rickie Day, Maureen Alsheimer, Mary Williams, Harold L. Sherley, Ruthie Jones, and Sidney Kalban (together, "Plaintiffs"), and states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

With respect to the labeled and numbered paragraphs of the Complaint, Defendant answers as follows:

1.      Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

2.      Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

3.      Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

4.      Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 4.

5.      To the extent that paragraph 5 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 5. Defendant is without knowledge sufficient to admit or deny the remaining allegations contained in paragraph 5.

6.      Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 6.

7.      To the extent that paragraph 7 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 7. Defendant is without knowledge sufficient to admit or deny the remaining allegations contained in paragraph 7.

2

8.    Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 8.

9.    To the extent that paragraph 9 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 9.  Defendant is without knowledge sufficient to admit or deny the remaining allegations contained in paragraph 9.

10.    Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 10.

11.    Defendant admits that it maintains its principal place of business in Capital Heights, Maryland, that it employs workers who are represented by the Industrial, Technical and Professional Employees Union ("ITPE") and who participate in the Trusts.  Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all remaining allegations contained in this paragraph.

12.    Defendant admits that Knight and ITPE have been party to a number of collective bargaining agreements relating to Knight employees at facilities in Washington, D.C.; Arlington, Virginia; Hanover, Maryland; Hyattsville, Maryland; and San Antonio, Texas.   Defendant denies all remaining allegations contained in paragraph 12.

13.    To the extent that paragraph 13 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 13.

3

14.    To the extent that paragraph 14 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 14.

15.    To the extent that paragraph 15 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 15.

16.    To the extent that paragraph 16 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 16.

17.    To the extent that paragraph 16 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 17.

18.    To the extent that paragraph 18 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 18.

19.    To the extent that paragraph 19 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and,

thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 19.

20.    To the extent that paragraph 20 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 20.

21.    To the extent that paragraph 20 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 21.

22.    To the extent that paragraph 22 of the Complaint purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 22.

23.    Defendant denies the allegations contained in paragraph 23.

24.    Defendant denies the allegations contained in paragraph 24.

25.    Defendant denies the allegations contained in paragraph 25.

26.    Defendant denies the allegations contained in paragraph 26.

27.    Defendant denies the allegations contained in paragraph 27.

28.    Defendant denies the allegations contained in paragraph 28.

29.     Defendant denies the allegations contained in paragraph 29.

30.    Defendant denies the allegations contained in paragraph 30.

5

23(b).  Defendant denies the allegations contained in paragraph 23(b).[1]

24(b).  Defendant denies the allegations contained in paragraph 24(b).

25(b).  Defendant denies the allegations contained in paragraph 25(b).

**PRAYERS FOR RELIEF**

In response to the WHEREFORE paragraphs of the Complaint, Defendant denies all allegations contained in these paragraphs.

Except as specifically admitted above, Defendant denies any and all claims and/or allegations that are or may be raised in the Complaint.

WHEREFORE, Defendant respectfully submits that the Complaint be dismissed with prejudice, with costs and attorney's fees awarded to Defendant and such further relief as the Court deems just.

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.

By:_____/s/_____
    Fred S. Sommer
    Meredith S. Campbell
    11921 Rockville Pike, Third Floor
    Rockville, Maryland 20852-2743
    (301) 230-5200

    Counsel for Defendants

Dated: July 31, 2006

---

[1]This paragraph, along with the two paragraphs that follow it, are improperly numbered.