UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ITPE PENSION TRUST,** *et al.* | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 06 cv 01220 |
| **KNIGHT PROTECTIVE SERVICE, INC.** | ) ) ) |
| Defendant. | ) ) |

**JOINT REPORT TO THE COURT PURSUANT TO RULE 16.3**

Pursuant to the Court's Order for Initial Scheduling Conference issued August 1, 2006, Plaintiff states that this case involves employer contributions that Plaintiffs allege are owed to three multiemployer employee benefits plans. The Plaintiffs are the Trustees of each of the three plans, the ITPE Pension Trust ("Pension Trust"), the ITPE Health and Welfare Trust ("Health Trust"), and the ITPE Annual Benefits Trust ("Annual Benefits Trust"), and the Plans themselves. The Defendant Knight Protective Service is a participating employer in the Plans pursuant to collective bargaining agreements it is party to and the Plans' respective Trust Agreements. Plaintiffs allege that the Defendant owes delinquent contributions on behalf of Defendant's employees who are receiving benefits or will receive benefits under one or more of the Plans.  Plaintiff alleges that this action arises from and jurisdiction is proper under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et seq., Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185, 28 U.S.C.

1

§1331, and 28 U.S.C. §1337.  Plaintiffs seek relief pursuant to Sections 502(a)(3), (d)(1), (g) and 515 of the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §§1132(a)(3), (d)(1), (g), and 1145, to collect delinquent contributions, interest and liquidated damages owed to the employee benefit plans by a contributing employer pursuant to a collective bargaining agreement and the applicable trust agreements,  as well as to recover other statutorily-authorized damages including their reasonable attorneys' fees and expenses, and to obtain an order requiring Defendant to submit to a full payroll audit by the Plan's authorized representative as provided for under the Plans' Trust Agreements, and such other relief as the Court deems reasonable and just.

Defendant has answered the Complaint and states that it denies liability.

Pursuant to Fed. R. Civ. P. 26(f), a conference was held telephonically on August 29, 2006, and was participated in by David Kelly for the plaintiffs and Meredith Campbell for defendant. Pursuant to Rule 16.3 of this Court, the parties hereby submit this Joint Report concerning the thirteen specific matters set out in Rule 16.3 of this Court.

1. The parties anticipate that it is likely to be the case that this action will be disposed of by dispositive motion and expect that following the conclusion of discovery, motions for summary judgment will be filed.
2. There is no expectation that any other parties will be joined nor is it expected that the pleadings will be amended.  The parties anticipate that some or all, factual and legal issues will be narrowed if not agreed upon.

3. The parties do not request that this case be assigned to a magistrate judge for all purposes.

4. Settlement.

    a. The Parties do intend to actively pursue a settlement and are hopeful that this matter will settle. At this time, Plaintiffs are awaiting a settlement proposal from Defendant and it is therefore not feasible at this time for the parties to evaluate the realistic likelihood of a settlement. The parties anticipate that they will be better able to evaluate settlement after the close of discovery.

5. At this time, the parties are not in a position to determine whether the case could benefit from the Court's alternative dispute resolution procedures.

6. As noted above, the parties anticipate that it is likely that this action will be disposed of by dispositive motions. All potentially dispostive motions should be filed by May 25, 2007. All oppositions will be filed by June 26, 2007 and Replies by July 10, 2007. The parties proposed date for a decision on the motion(s) is September 20, 2007.

7. Pre-discovery Disclosures. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) no later than Wednesday, September 27, 2006.

8. Discovery Plan. The parties jointly propose to the Court the following discovery plan at this time.

    a. <u>Proposed Discovery Plan</u>: Plaintiffs believe discovery will be needed on the following subjects: The names of the employees who performed work covered by the collective bargaining agreements with the Industrial, Technical and

Professional Employees, AFL-CIO, which obligate defendant to contribute to one or more of the Plans; the number of hours each such employee worked in covered employment for Defendant; the records related to any amounts Defendant submitted to the Plans during the period relevant and material to Plaintiffs' claims; the documentation possessed by Defendant which records all the hours worked by its employees represented by the Industrial, Technical and Professional Employees, AFL-CIO, during the period relevant and material to Plaintiffs' claims; and the factual and legal basis for any defenses Defendant has raised to the Complaint, including its second affirmative defense that some or all of Plaintiffs' claims' are barred by the applicable statute of limitations.

Defendant believes discovery will be needed regarding the pertinent agreements.

b. All discovery shall be commenced in time to be completed by March 30, 2007.

c. Maximum of 25 interrogatories by each party to any other party.

d. Maximum of 30 requests for admission by each party to any other party.

e. Maximum of 10 depositions by plaintiffs and defendant.

f. Each deposition shall be limited to a maximum of 1 day of 7 hours under Fed. R. Civ. P. 30(d)(2), absent leave granted by the Court to take a lengthier deposition.

2. Parties' Proposal for Reports from retained experts under Rule 26(a)(2) due:

a. From plaintiffs by January 30, 2007,

4

    b. From defendant by February 28 2007.

    c. Depositions of experts to taken by March 30, 2007.

3. No class action is anticipated.

4. The parties do not expect that trial or discovery will require bifurcation.

5. A Pretrial conference should be set 60 to 90 days after the Court rules on dispositive motions.

6. The court should set a date for the trial at the first scheduling conference.

    Respectfully submitted,

_____

H. David Kelly, Jr. (DC Bar # 471254)
Beins, Axelrod, Gleason & Gibson, P.C.
1625 Massachusetts Avenue, N.W., Ste 500
Washington, D.C. 20036
202-328-7222
202-328-7030 (fax)

Counsel for the Plaintiffs

_____

Fred S. Sommer
Meredith S. Campbell
11921 Rockville Pike, Third Floor
Rockville, MD 20852
(301) 230-5200

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ITPE PENSION TRUST,** *et als.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No. 06 cv 01220** |
| ) | **Hon. Ellen Segal Huvelle** |
| ) | |
| **KNIGHT PROTECTIVE SERVICE, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

Having considered the Joint Report to the Court Pursuant to Rule 16.3, and being otherwise aware of the premises, it is hereby ORDERED that the following schedule is implemented into the Initial Order:

All discovery will be commenced in time to be completed by March 30 ~~July~~, 2007.

    Maximum of 25 interrogatories by each party to any other party.

    Maximum of 30 requests for admission by each party to any other party.

    Maximum of 10 depositions by plaintiffs and defendant.

    Each deposition shall be limited to a maximum of 1 day ~~and~~ of 7 hours under Fed. R. Civ. P. 30(d)(2), absent leave granted by the Court to take a lengthier deposition.

Reports from any retained experts will be due from Plaintiffs by January 30, 2007.

Reports from any retained experts will be due from Defendant by February 28, 2007.

Depositions of any retained experts to be conducted by March 30, 2007.

Dispositive motions will be due by May 25, 2007.

Any oppositions will be due by June 26, 2007.

Any replies due by July 10, 2007.

A pretrial Conference is scheduled for _____.

                                                                         _____
                                                                          Judge, United States District Court

Date:     _____, 2006

Case 1:06-cv-01220-ESH     Document 8     Filed 09/13/2006     Page 8 of 9